## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Corporate Commission of the Mille Lacs
Band of Ojibwe Indians,

        Plaintiff,

v.

Money Centers of America, Inc., and
MCA of Wisconsin, Inc.,

        Defendants.

Civ. No. 12-1015 (RHK/LIB)
**ORDER**

---

    This matter is before the Court on Plaintiff's Motion for Leave to Amend its

Complaint (Doc. No. 27).   For the reasons that follow, the Motion will be granted.[1]

    Plaintiff is a "corporate body politic" of the Mille Lacs Band of Ojibwe Indians, a

sovereign Indian tribe.   (Compl. ¶ 1.)   It owns and operates several casinos in Minnesota.

(Id.)   It contracted with Defendants to process financial transactions, such as check

cashing, credit-card advances, and other cash-access services, for casino patrons.   (Id.

¶¶ 5-6.)   In other words, Defendants provided cash to customers with which they could

gamble at Plaintiff's casinos, in return for certain fees (from the customers and/or

Plaintiff).   The cash Defendants provided to casino patrons, however, was advanced by

Plaintiff to Defendants, who expressly agreed to return it.   (Id. ¶ 8 & Ex. A, ¶ 8.)   The

---

[1]  The undersigned has opted to resolve the instant Motion rather than the Magistrate Judge.   See
D. Minn. LR 7.1(a) (non-dispositive motions to be heard by Magistrate Judge "[u]nless otherwise
ordered by the District Judge").   Moreover, the Court does not believe oral argument is necessary
to resolve the Motion.   Accordingly, and as the parties have already been advised, the hearing on
the Motion, currently scheduled for August 2, 2012, is **CANCELED**.

crux of Plaintiff's Complaint is that Defendants have failed to return money advanced to them, to the tune of more than five million dollars.

In April 2012, Plaintiff commenced the instant action in the Mille Lacs County, Minnesota District Court, and Defendants thereafter removed the action to this Court. The Complaint asserts claims for breach of contract, unjust enrichment, conversion, and "declaratory relief/constructive trust."   On June 7, 2012, Defendants filed a Motion to Dismiss (Doc. No. 10) under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff had "fail[ed] to cite or quote any material term" in the parties' contract "that would support [the] claim that [Defendant] breached an obligation to" Plaintiff.   (Doc. No. 12 at 1.)

Plaintiff has now moved for leave to amend its Complaint.   In addition to attempting to remedy the (alleged) defects noted by Defendants in their Motion to Dismiss, Plaintiff seeks to add two new claims, for fraud and replevin.   (See Doc. No. 30, Ex. 1.) Defendants oppose the proposed amendment, arguing that it is futile.   (See Doc. No. 33 at 12-19.)

Timely motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a)(2), which provides that leave should be granted "when justice so requires."   Such motions are "to be liberally granted."   Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1050 (8th Cir. 2010).   Indeed, "[u]nless there is a good reason for denial, . . . leave to amend should be granted."   Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999).

The Court perceives no "good reason for denial" here.   The proposed amendments

evidence no bad faith, Plaintiff has not unduly delayed seeking leave to amend, and the Court perceives no unfair prejudice by permitting amendment at this early juncture.   E.g., Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001).   Indeed, this case is in its infancy, and the main purpose of the proposed amendments is to "provide additional factual detail" to support Plaintiff's claims, thereby obviating Defendants' currently pending Motion to Dismiss.   (See Doc. No. 29 at 8-9.)

As noted above, Defendants argue that the proposed amendments are futile, largely re-hashing the arguments they made in their Motion to Dismiss.   While the Court is skeptical of those arguments, see, e.g., Becker, 191 F.3d at 908 ("[A] motion to amend should be denied on the merits only if it asserts *clearly frivolous* claims or defenses.") (emphasis added) (internal quotation marks and citation omitted),[2] it need not resolve them in order to decide the instant Motion.   Rather, the Court believes the better practice would be to permit amendment and have Defendants move to dismiss the Amended Complaint, should they believe the claims therein fail.   See, e.g., Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [the plaintiff's] motion to amend the complaint rendered moot [the defendant's] motion to dismiss the original complaint.").   This way, the parties and the Court can have the benefit of full briefing regarding the merits of Plaintiff's claims (opening brief, response, and reply) rather than the more abbreviated briefing submitted in connection with the Motion for

---

[2] Notably, Defendants' arguments – in both their Motion to Dismiss and their Opposition to the Motion for Leave to Amend – focus on Plaintiff's breach-of-contract claim and essentially ignore Plaintiff's other claims, such as for conversion and unjust enrichment.   Hence, even if the Motion to Dismiss were granted (or leave to amend were denied), much of Plaintiff's case would remain.

Leave to Amend.   <u>See</u> D. Minn. LR 7.1(a)-(b).

In addition, the Court notes that Plaintiff has moved for pre-judgment attachment under Federal Rule of Civil Procedure 64, which Motion is currently set to be heard by the undersigned on August 28, 2012, the same date as the (now moot) Motion to Dismiss. (<u>See</u> Doc. No. 18.)   Plaintiff later moved for expedited discovery, asserting that it needs certain information to support its pre-judgment attachment request.   Yet, the discovery Motion is not scheduled to be heard by the Magistrate Judge until August 30, 2012 – that is, *after* the hearing on the pre-judgment attachment Motion.   In the Court's view, Plaintiff's discovery Motion should be resolved in advance of the hearing on the request for pre-judgment attachment, and hence that hearing will be continued to a later date.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1.     Plaintiff's Motion for Leave to Amend (Doc. No. 27) is **GRANTED**. Plaintiff shall file forthwith its proposed Amended Complaint, which is attached to Docket Number 30 as Exhibit 1;

2.     Defendants' Motion to Dismiss (Doc. No. 10) is **DENIED AS MOOT**, and the hearing on the Motion, currently scheduled for August 28, 2012, is **CANCELED**;

3.     If Defendants intend to move to dismiss Plaintiff's Amended Complaint, they shall file such a motion (and any supporting documents) within seven days of the date of this Order; and

4.     The hearing on Plaintiff's Motion for Prejudgment Attachment (Doc. No. 18) is **CONTINUED** *sine die* and will be rescheduled after the Magistrate Judge has ruled

on Plaintiff's Motion for Expedited Discovery (Doc. No. 41).

Finally, the Court takes this opportunity to express its dismay at the negative turn this litigation has taken.   This action is barely three months old but has already engendered a bevy of motions and (at present) 46 docket entries.   Moreover, the tone displayed in some of the recent correspondence between counsel (see Doc. No. 44, Exs. A-D) is extremely troubling and reflects a lack of professionalism and civility.   Counsel can zealously advocate for their clients without taking accusatory tones, name calling, condescension, or leveling allegations of lying.   The Court reminds counsel – including those admitted *pro hac vice* – that they must "demonstrate respect for the legal system and for those who service it, including judges, *other lawyers*, and public officials."   Minn. R. Prof. Conduct, Preamble ¶ 5; see also D. Minn. LR 83.6(d)(2) (adopting the Minnesota Rules of Professional Conduct).   Counsel should consider this admonishment a "shot across the bow" to tone down their rhetoric, as the Court will not hesitate to sanction them for future (mis)conduct it finds abusive, oppressive, or otherwise improper.


Dated: August 1, 2012                    s/Richard H. Kyle
                                         RICHARD H. KYLE
                                         United States District Judge