UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Corporate Commission of the Mille
Lacs Band of Ojibwe Indians,

                      Plaintiff,        Civ. No. 12-1015 (RHK/LIB)
                                        **ORDER**

v.

Money Centers of America, Inc., et al.,

                      Defendants.

---

Michael M. Krauss, Jane E. Maschka, Faegre Baker Daniels LLP, Minneapolis, Minnesota, for Plaintiff.

Luke P. McLoughlin, Erin M. Carter, James L. Beausoleil, Jr., Duane Morris LLP, Philadelphia, Pennsylvania, Robert B. Patterson, Jr., Patterson Law Office, PA, Minnetonka, Minnesota, for Defendants.

---

      This matter is before the Court on Defendants Money Centers of America, Inc. and MCA of Wisconsin, Inc.'s (collectively "MCA") Motion for Stay of Execution Pending Appeal Without Supersedeas Bond (Doc. No. 282). On September 30, 2013, the Court granted Plaintiff Corporate Commission of the Mille Lacs Band of Objibwe Indians ("the Commission") summary judgment on its breach-of-contract claim against MCA. On December 1, 2013, upon the Commission's Rule 54(b) Motion, the Court entered judgment against MCA on that claim and dismissed the Commission's remaining claims against MCA with prejudice. The Court's decision to enter judgment was based, in part, on MCA's insolvency and the Commission's dwindling odds of recovering its $5.6 million judgment. Claims against Defendants Mark and Christopher Wolfington

remain pending.  On December 10, MCA appealed to the Eighth Circuit and MCA now moves the Court to stay the execution of judgment while its appeal is pending and excuse it from filing a supersedeas bond.

Federal Rule of Civil Procedure 62(d) permits an appellant to obtain a stay of the enforcement of a judgment pending appeal by filing a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay.  Fed. R. Civ. P. 62(d); New Access Commc'ns LLC v. Qwest Corp., 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (Tunheim, J.).  As MCA's precarious financial condition "precludes it from posting a bond in the amount of the judgment," it moves the Court to stay the execution of the judgment *without* a bond.  (MCA's Mem. at 3.)  "Although it appears from the language of Rule 62(d) that a supersedeas bond is a necessary step to obtaining a stay, several appellate and trial courts have adopted the view that the [] district court has the discretion to waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond."  Peterson v. United States, Civ. No. 99-651, 2000 WL 1909806, at *1 (D. Minn. Oct. 5, 2000) (Kyle, J.).  The burden is on the appellant to persuade the Court to depart from the usual requirement of a full supersedeas bond. When deciding whether to waive the bond requirement, courts often consider:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

Id. (citing Dillon v. City of Chicago, 866 F.2d 902, 904–05 (7th Cir. 1988)).

Of these five factors, MCA contends the Court should waive its bond based only on one factor: its precarious financial situation. It relies on a single case from the Eastern District of Virginia in support of its argument: Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc., 190 F.R.D. 190 (E.D. Va. 1999). But the Alexander court did not waive the requirement that appellants secure the judgment altogether; it merely permitted them to post a smaller bond. Id. at 194. In fact, MCA cites *no case* in which the court stayed a judgment without any security whatsoever, and yet that is precisely what MCA asks this Court to do. See Id.; Dillon, 866 F.2d at 905 (full bond unnecessary where appellant City of Chicago "demonstrated the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty"); Olympia Equip. Leasing Co. v. W. Union Tel. Co., 786 F.2d 794, 799 (7th Cir. 1986) (full $36 million bond unnecessary where appellant provided adequate alternative collateral worth more than $20 million); Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 761 (D.C. Cir. 1980) (bond unnecessary where appellant's documented net worth was 47 times the amount of the judgment); Peterson, 2000 WL 1909806, at *2 (denying stay where appellant could not post full bond); S.E.C. v. O'Hagan, 901 F. Supp. 1476, 1480–81 (D. Minn. 1995) (Renner, J.) (denying stay where appellant could not post full bond and failed to propose adequate alternative security).

Courts do not excuse appellants in a precarious financial situation from filing a supersedeas bond in order to alleviate the burden on the appellant, but rather to protect the appellant's creditors. For this reason, when a full supersedeas bond would cause the appellant "undue financial burden" and harm its other creditors, the court may exercise its discretion to "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). Whether through a bond or some other arrangement, the purpose is to preserve the status quo pending appeal. Id. Accordingly, where the posting of a supersedeas bond would effectively improve the judgment creditor's position instead of preserve it, the courts may accept "less than complete security" in order to "make the judgment creditor as well off during the appeal as it would be if it could execute [the judgment] at once, but no better off." Olympia, 786 F.2d at 800 (Easterbrook, J., concurring). However, courts generally do not excuse the appellant from securing the judgment altogether.

Here, MCA has not even conceded it is insolvent, much less made a showing that requiring it to post a bond would imperil its other creditors. It baldly asserts that posting a full bond would "injure [its] existing creditors," but offers the Court no details regarding its current financial state or its obligations to other creditors. (MCA's Mem. at 5.) Nor has MCA articulated—much less demonstrated—how the "status quo" will be maintained pending appeal (or even what it perceives the status quo to be). It has not explained how the Commission's position as a creditor would be preserved if the Court

were to prevent it from collecting the judgment while the appeal is pending without a bond in place.  Finally, even if MCA *had* made a showing that its creditors would be injured by the posting of a supersedeas bond and that the full bond is not required to preserve the status quo, it has offered *nothing* in place of the supersedeas bond—no partial bond, no substitute collateral.  Indeed, based on the Court's impression formed during the course of this litigation, it is hard to imagine that MCA *could* offer much alternative collateral.  In sum, MCA has not met its burden of demonstrating the supersedeas bond should be waived and that the execution of judgment should be stayed without it.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that MCA's Motion for Stay of Execution Pending Appeal Without Supersedeas Bond (Doc. No. 282) is **DENIED**.

Dated:  December 17, 2013

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge